### UNITED STATES ex rel. LACAS et al. v. CURRAN.

(Circuit Court of Appeals, Second Circuit. February 4, 1924.)

No. 202.

Aliens ⬤➔51½, New, vol. 16A, Key-No. Series—Residents of island of Cyprus included in "Other Asia" for purpose of limitation of immigration.

Under Act May 19, 1921 (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd), restricting immigration of aliens of any nationality to a certain per centum "of the number of foreign born persons of such nationality resident in the United States as determined by the census of 1910," residents of the island of Cyprus, not separately enumerated in that census, but included in "Other Asia," must be so treated, notwithstanding evidence of ownership or control of Cyprus by Great Britain, in view of section 2 (b), limiting the meaning of the word "nationality."

Appeal from the District Court of the United States for the Southern District of New York.

Habeas corpus by the United States, on the relation of Andreas and Argyrus Lacas, against Henry H. Curran, as Commissioner, etc. From an order discharging the writ, relators appeal. Order affirmed.

Relators are immigrant aliens, residents of the Island of Cyprus, and there born. They were excluded because at the time of their arrival the quota for "Other Asia" was full. Act May 19, 1921, 42 Stat. 5 (Comp. St. Ann. Supp. 1923, §§ 4289½–4289½dd). This appeal was then taken.

---

⬤➔For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Roger O'Donnell, of Washington, D. C., and John M. Lyons, of New York City, for appellants.

William Hayward, U. S. Atty., of New York City (James C. Thomas, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM. The Quota Act, supra, limited "the number of aliens of any nationality who may be admitted under the Immigration Laws to the United States in any fiscal year."

The petition for habeas corpus alleged that relators were "natives of the Island of Cyprus, and British subjects," and they now assert the right to come in under the unexhausted British quota, and deny the power, if not of the United States, at least of the officials of that country, to create any quota or allowance of immigrants for what is called "Other Asia."

The power of Congress to exclude these or any other aliens is not to be doubted. The sole question here is whether officers of the Department of Labor acted within the law as it is at present in excluding these men.

It is quite true that the limitation decreed by the act above quoted is to a certain per centum "of the number of foreign born persons of such nationality resident in the United States as determined by the United States census of 1910." But Congress can define or limit the meaning of the word "nationality" as it pleases, and in this statute it has been pleased to say (section 2b):

"For the purposes of this act nationality shall be determined by country of birth, treating as separate countries the colonies or dependencies for which separate enumeration was made in the United States census of 1910."

Thus it makes no difference whether the census of 1910 is accurate or inaccurate, philosophical or unphilosophical, in its allocation of nationalities; for the purposes of this statute what is here called "nationality" shall be determined according to the views of the persons who compiled the census referred to.

In our opinion this matter received full consideration in Pera v. White, 284 Fed. 699, a case exactly like this, except that the relators there were Persians instead of Cypriotes. It was there pointed out (page 701):

"That no separate enumeration was made in the census of 1910 of the number of foreign born persons resident in the United States from Persia, Rhoades, Cyprus, Hedjaz, or Iraq, countries included in the territory described as 'Other Asia,' but that such foreign born persons were grouped in one grand total under 'Other Asians.'"

The holding was that, since Persia was not separately enumerated, and was included in "Other Asia," in the census, such inclusion could not be disregarded, and the departmental grouping for purposes of limiting immigration must be recognized as proper.

We make the same holding, viz. that Cyprus must be treated as was Persia, and we are not at liberty to look into or take evidence as to the ownership or control of Cyprus by Great Britain at the time these

aliens attempted entry. We are aware of the decision contra reported in Ex parte Haralampopoulos (D. C.) 286 Fed. 432. With the reasoning of that case we are not in accord.

Order affirmed.